UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARKPATRICK JACOBS MOORE, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 15-3196-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Markpatrick Jacobs Moore ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for disability benefits. On appeal, the Court concludes that the ALJ did not err by determining that Plaintiff's learning and mood disorders were not severe impairments. The ALJ also gave specific, clear, and convincing reasons for discrediting Plaintiff's testimony and properly considered the medical evidence of record. Therefore, the ALJ's decision is affirmed and the matter is dismissed with prejudice.

///

///

# I.
# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was initially found disabled in 2005 based on the child disability standards. Administrative Record ("AR") 58-67. When Plaintiff turned 18 in 2011, his eligibility for disability benefits was automatically reevaluated under the adult disability standard. AR 55. Plaintiff's disability benefits were terminated after the Social Security Administration found that he was no longer disabled. AR 84. A hearing officer denied Plaintiff's request for reconsideration, also finding that Plaintiff was no longer disabled. AR 110-18. Plaintiff then requested a hearing in front of an ALJ. AR 122-24. After the hearing at which Plaintiff testified, the ALJ found that Plaintiff had the medically determinable impairments of learning disorder and mood disorder. AR 23. However, the ALJ discounted Plaintiff's credibility about the severity of his symptoms and concluded that his impairments were not severe. AR 23-26. The ALJ accordingly issued an unfavorable decision. AR 26.

# II.
# ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) not finding Plaintiff's learning and mood disorders to be severe impairments at step two of the sequential evaluation process; (2) negatively assessing Plaintiff's credibility; and (3) failing to properly consider the medical evidence of record. See Joint Stipulation ("JS") at 4-18.

# III.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g);

Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

### A. The ALJ Properly Determined That Plaintiff's Learning and Mood Disorders Were Not Severe Impairments

Plaintiff contends that the ALJ erred in failing to find that his learning and mood disorders were severe impairments. JS at 4-10. The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005); Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. § 404.1521(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, and carrying; seeing, hearing, and speaking; understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20

C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)). An impairment is not severe if it is only a slight abnormality with "no more than a minimal effect on an individual's ability to work." See SSR 85-28, 1985 WL 56856, at *3 (1985); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988). A "finding of no disability at step two" may be affirmed where there is a "total absence of objective evidence of severe medical impairment." Webb, 433 F.3d at 688 (reversing a step two determination "because there was not substantial evidence to show that [the claimant's] claim was 'groundless'").

      Here, Plaintiff has not offered sufficient evidence to demonstrate that his learning and mood disorders have more than a minimal effect on his ability to perform work-related functions. Although Plaintiff was diagnosed with depressive disorder and learning disorder in January 2012, AR 310-316, a mere diagnosis does not establish a severe impairment. Febach v. Colvin, 580 F. App'x 530, 531 (9th Cir. 2014) ("Although [claimant] was diagnosed with depression, that diagnosis alone is insufficient for finding a 'severe' impairment, as required by the social security regulations."); 20 C.F.R. § 404.1520(a)(4)(ii). The medical record regarding Plaintiff's learning and mood disorders provides a diagnosis; it does not state any specific limitations.

      If Plaintiff believed his learning and mood disorders negatively affected his ability to work, he bore the burden of providing supporting medical documentation. The ALJ specifically asked Plaintiff for supporting medical records during the hearing, even encouraging Plaintiff to tell his treating doctors to cooperate with the ALJ's request that they submit records. AR 25, 43, 47-52, 53-54. As noted by the ALJ, the only objective evidence Plaintiff provided was a letter and an initial assessment from his social worker. AR 25 (citing AR 310). However, Plaintiff's social worker is not an accepted medical

source under the regulations. Turner v. Comm'r of Soc. Sec. Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010); 20 C.F.R. § 404.1513(a), (d).

Nor did Plaintiff's testimony at the administrative hearing establish any functional limitations caused by his learning or mood disorders. In response to a question by the ALJ, Plaintiff testified that he was receiving treatment twice per month for anger and antisocial issues, but he presented no corroborating medical evidence that showed that he suffered from functional limitations. AR 49. In addition, the ALJ noted that Plaintiff produced no evidence that he was taking medication during the relevant period to control his allegedly disabling symptoms. AR 24-25. Nor did Plaintiff require inpatient mental treatment or psychiatric hospitalization. AR 24. Thus, there was no evidence in the medical record that Plaintiff's learning and mood disorders were sufficiently severe to affect his ability to perform work-related functions.

Finally, although Plaintiff presented school records from 2006-2009 revealing failing grades and "far below basic" test results, AR 254-55, such records alone do not establish a severe learning disability, nor do they prove the existence of functional limitations during the relevant period years later. See Carroll v. Astrue, No. 09-256, 2010 WL 5018137, at *7 (E.D. Wash. Dec. 1, 2010) (concluding that school records reporting claimant's poor grades without evidence of cognitive or other psychological testing did not establish any limitations or constitute evidence of disability).

Although the threshold required to show that an impairment is severe at step two is "minimal," Plaintiff did not meet his burden of showing that his learning and mood disorders were sufficiently severe to negatively affect his ability to perform work-related functions. Accordingly, the ALJ did not err in failing to find Plaintiff's learning and mood disorders to be severe impairments.

///

///

**B.     The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. JS at 10-15. Plaintiff testified that he suffered from learning disorder and mood disorder, and that he could not maintain concentration, read, write, or talk to people. AR 45-46; see also AR 183, 252. He also testified that he had anger issues and was antisocial. AR 49.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. § 404.1529(c)(4)).

An ALJ may reject a claimant's credibility upon finding evidence of malingering. Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). However, if the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what

testimony is not credible and what evidence undermines the claimant's complaints." Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (quoting Reddick, 157 F.3d at 722). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d at 1283-84 & n.8. The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id.

The Court finds that the ALJ properly found that Plaintiff's subjective testimony was not entirely credible because the record contained evidence of malingering, and the ALJ gave specific, clear, and convincing reasons for discrediting Plaintiff's testimony, each of which is fully supported by the record.

First, the ALJ noted that Plaintiff's medical records showed evidence of malingering. AR 25. Specifically, psychiatrist Dr. John Stephenson's evaluation stated that Plaintiff "presented suboptimal level of effort based on the test of memory malingering." AR 269-71. The evidence of malingering here supports the ALJ's finding that Plaintiff's reports of his impairments were not fully credible. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (finding that failure to give maximum or consistent effort during examinations may be used to discredit claimant's credibility).

Second, the ALJ considered that Plaintiff's claims of disabling mental disorders were unsupported by the medical evidence. After extensively reviewing the medical record, the ALJ concluded that the medical evidence generally showed no severe mental impairments. Dr. Stephenson found normal mental status and he determined that Plaintiff had no limitations in his mental abilities. AR 270-71. Two other examining psychiatrists, Dr. Sidney

1  Gold and Dr. L. Colsky, also reported that Plaintiff had no severe mental
2  impairments. AR 274, 293. A letter by social worker Linda Lee described an
3  initial assessment of depressive disorder, but contained no subsequent
4  treatment notes thereafter. AR 310. "Although lack of medical evidence
5  cannot form the sole basis for discounting pain testimony, it is a factor that the
6  ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676,
7  681 (9th Cir. 2005).

8  　　　On appellate review, this Court does not reweigh the hearing evidence
9  regarding Plaintiff's credibility. Rather, this Court is limited to determining
10 whether the ALJ properly identified specific, clear, and convincing reasons for
11 discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record
12 reflects that the ALJ did just that. As previously noted, it is the responsibility of
13 the ALJ to determine credibility and resolve conflicts or ambiguities in the
14 evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the
15 ALJ's findings are supported by substantial evidence, this Court may not
16 engage in second-guessing. See Thomas, 278 F.3d at 959; Fair v. Bowen, 885
17 F.2d 597, 604 (9th Cir. 1989).

18 **C.  The ALJ Properly Considered the Medical Evidence of Record**
19 　　　Plaintiff contends that the ALJ erred in failing to consider the medical
20 evidence of record. JS at 5-10. An ALJ must provide "clear and convincing"
21 reasons for rejecting the uncontradicted opinion of either a treating or
22 examining physician or psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th
23 Cir. 1996) (citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even if
24 a treating or examining physician's opinion is contradicted, that opinion "can
25 only be rejected for specific and legitimate reasons that are supported by
26 substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing Andrews
27 v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ can accomplish this
28 by "setting out a detailed and thorough summary of the facts and conflicting

8

clinical evidence, stating his interpretation thereof, and making findings." Reddick, 157 F.3d at 725 (citing Magallanes, 881 F.2d at 751). However, the ALJ "need not discuss *all* evidence presented." Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." Id. at 1395.

The Court finds that the ALJ properly considered the medical evidence from the relevant period, which began on November 1, 2011, when Plaintiff was found no longer disabled under the adult disability standard. On January 3, 2006, Dr. Izzi performed a consultative psychological examination where he noted that Plaintiff had borderline intellectual functioning with a full scale intelligence quotient (IQ) score of 72. AR 264-65. Dr. Izzi also noted a diagnosis of attention deficit hyperactivity disorder (ADHD).[1] AR 265. However, Dr. Izzi's examination occurred when Plaintiff was 12 years old and predated the relevant period by more than five years. AR 264-65. "Medical opinions that predate the alleged onset of disability are of limited relevance." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008). As such, the 2006 report was not significant to the relevant period of disability. Magallanes, 881 F.2d at 754 (disability must be proven by contemporaneous medical records).

The Court also finds that the ALJ properly relied on the available medical evidence of record, including the opinions of examining and consultative physicians who concluded that Plaintiff suffered from no mental limitations. In making his findings, the ALJ gave "great weight" to Dr. Stephenson's opinion. AR 25. Following a psychological examination on

---

[1] Notably, Dr. Izzi's diagnosis of ADHD was based only on the report of Plaintiff's mother and not supported by any medical evidence. AR 265.

October 28, 2011, Dr. Stephenson found that Plaintiff had no significant limitations and gave no diagnosis. AR 268-71. Dr. Stephenson's examination occurred only four days before the start of Plaintiff's relevant period. AR 267-273. The ALJ noted that Dr. Stephenson's opinion was consistent with the opinions of Dr. Colsky and Dr. Gold. AR 25. Specifically, Dr. Gold concluded that Plaintiff's learning disorder was nonsevere and that he had no functional limitations. AR 274-84, 289-90. Likewise, Dr. Colsky opined that Plaintiff had no medically determinable psychiatric impairment and no functional limitations. AR 293-303.

Accordingly, the ALJ did not err in not considering the medical evidence of record, and Plaintiff is therefore not entitled to relief on this claim of error.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: December 23, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge